FILED/REC'D
2026 OCT -1 A 11: 10
CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

Lee Drone
3964 Rivermark Plaza, Unit #2514
Santa Clara, CA 95054
Phone Number: (408) 510-8639
Fax Number: (650) 523-9988

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| **LEE DRONE**<br>Plaintiff,<br>vs.<br>**CITY OF MADISON,**<br>a Wisconsin municipal corporation,<br>Defendant. | Case No.: 26 CV 991 JDP<br><br>**COMPLAINT FOR CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983, UNLAWFUL DENIAL OF PROPERTY ACCESS, AND WARRANTLESS SEARCH** |

TABLE OF CONTENTS


**I. NATURE OF THE ACTION** .......... **2**
**II. JURISDICTION AND VENUE** .......... **2**
**III. PARTIES** .......... **3**
**IV. FACTUAL BACKGROUND** .......... **3**
EXHIBIT A .......... 3
*City of Madison Property Information and Parcel Record for 1430 Ellen Avenue* .......... *3*
EXHIBIT B .......... 4
*Co-Ownership Agreement for 1430 Ellen Avenue, Madison, Wisconsin, executed November 1, 2021* .......... *4*
EXHIBIT C .......... 4
*Madison Police Department Incident Report, Incident No. 2023-00437277, October 7, 2023* .......... *4*
**EXHIBIT D** .......... **5**
*Madison Police Department Preserve-the-Peace Case Report, Case No. 2023-00437544, October 8, 2023 (D-1 and D-2)* .......... *5*
EXHIBIT E .......... 6
*Madison Police Department Drug Incident / Investigation Case Report, Case No. 2023-00439778, October 9, 2023* .......... *6*
**V. CAUSES OF ACTION** .......... **7**
COUNT I – POLICE INTERFERENCE WITH PLAINTIFF'S POSSESSORY AND ACCESS RIGHTS UNDER 42 U.S.C. § 1983 .......... 7
*Governmental interference with a co-owner's possession of and access to co-owned property without judicial authorization or process* .......... *7*
COUNT II – UNREASONABLE WARRANTLESS SEARCH UNDER 42 U.S.C. § 1983 .......... 8
*Warrantless search of living space and closed containers associated with Plaintiff based upon third-party consent lacking actual or apparent authority* .......... *8*
COUNT III – MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 (MONELL) .......... 9
*Policies, customs, practices, and deliberately indifferent failure to train and supervise concerning residential access, disputed possessory and residential authority, and third-party consent* .......... *9*
**VI. DAMAGES** .......... **10**
**VII. PRAYER FOR RELIEF** .......... **10**
**VIII. JURY DEMAND** .......... **11**
**IX. EXHIBIT INDEX** .......... **11**
**X. VERIFICATION** .......... **11**

## I. NATURE OF THE ACTION

1. This is a civil action under 42 U.S.C. § 1983 arising from two related incidents involving officers of the City of Madison Police Department at 1430 Ellen Avenue, Madison, Wisconsin, a residential property co-owned by Plaintiff.
2. On October 8, 2023, Plaintiff alleges that City officers interfered with his possession of and access to the property by preventing or restricting him from entering the co-owned property despite MPD's recognition the previous day, on October 7, 2023, of Plaintiff's status as a co-owner.
3. On October 9, 2023, Plaintiff alleges that City officers conducted a warrantless search of living space and closed containers associated with Plaintiff based upon third-party consent.
4. Plaintiff alleges that this conduct violated his rights under the Fourth Amendment and that the resulting constitutional violations were caused by municipal policies, customs, practices, and/or deliberately indifferent training and supervisory deficiencies of the City of Madison. Plaintiff seeks compensatory and nominal relief under 42 U.S.C. § 1983.

---

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983, and seeks redress for the deprivation of rights secured by the Fourth Amendment to the United States Constitution.
6. This Court has personal jurisdiction over Defendant City of Madison because Defendant is a Wisconsin municipal corporation, and because the acts and omissions giving rise to this action were committed within this District by Defendant's officers and agents acting under color of state and municipal law.
7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the events and omissions giving rise to Plaintiff's claims occurred in the City of Madison, Dane County, Wisconsin, which lies within the Western District of Wisconsin.

8. The acts and omissions forming the basis of this action occurred on October 7, 8, and 9, 2023, at 1430 Ellen Avenue, Madison, Wisconsin, and involved actions taken by City of Madison police officers while acting under color of state and municipal law.

## III. PARTIES

9. Plaintiff, Lee Drone ("Plaintiff"), is a natural person currently residing in Santa Clara, California. Plaintiff is a lawful co-owner of the residential real property located at 1430 Ellen Avenue, Madison, Wisconsin, which he has owned continuously since November 1, 2021. Plaintiff holds an ownership interest in the property together with possessory and access rights arising from that ownership and alleges that the actions described herein interfered with his exercise of those possessory and access rights.

10. Defendant, City of Madison ("Defendant" or "City"), is a Wisconsin municipal corporation organized and existing under the laws of the State of Wisconsin, with its principal offices located in Madison, Dane County, Wisconsin. At all times relevant to this action, Defendant acted through its employees, officers, and agents, including members of the Madison Police Department, who were acting within the scope of their municipal employment and under color of state and municipal law.

## IV. FACTUAL BACKGROUND

**<u>EXHIBIT A</u>**

*City of Madison Property Information and Parcel Record for 1430 Ellen Avenue*

11. Exhibit A is the City of Madison Property Information and Parcel Record for the residential real property located at 1430 Ellen Avenue, Madison, Wisconsin. The City's own records identify Ian Edward Goodman and Plaintiff as owners of the property, each listed at the property address.

12. The City parcel record does not identify any owner as holding exclusive possession, residency, or control, and contains no designation distinguishing one owner's access rights from another's.

**EXHIBIT B**

*Co-Ownership Agreement for 1430 Ellen Avenue, Madison, Wisconsin, executed November 1, 2021*

13. Exhibit B is a written Co-Ownership Agreement concerning the residential real property located at 1430 Ellen Avenue, Madison, Wisconsin, signed by Plaintiff and Ian Goodman and notarized on November 1, 2021.

14. The agreement establishes Plaintiff and Goodman as co-owners of the property and provides for their respective financial responsibilities and interests in the property, including equal division of profits upon sale. Nothing in the agreement expressly grants either co-owner exclusive possessory rights, exclusive tenancy rights, or authority to exclude the other co-owner from the property.

15. The agreement references Goodman as the "primary resident" in connection with financial and liability responsibilities, including responsibility for mortgage payments, property-related expenses, and damages incurred during occupancy. The agreement does not designate Goodman as having exclusive or superior authority over possession or access, or authorize Goodman to unilaterally exclude Plaintiff from the property.

**EXHIBIT C**

*Madison Police Department Incident Report, Incident No. 2023-00437277, October 7, 2023*

16. Exhibit C is a Madison Police Department incident report dated October 7, 2023. The report reflects a complaint concerning an individual inside the residence who was reportedly refusing to leave and had closed himself inside a bedroom. The report further reflects that the individual had been allowed into the residence by Plaintiff, whom MPD identified as a co-owner of the home.

17. During the October 7 incident, MPD expressly identified Plaintiff as "LEE DRONE," a "CO-OWNER" of the home, and advised Goodman that Plaintiff could be in the residence

with company because he was a co-owner. MPD thereafter reclassified the incident from an "Unwanted Person" call to a civil dispute. This recognition of Plaintiff's co-ownership and corresponding authority occurred before the October 8 and October 9 incidents described below.

**EXHIBIT D**

*Madison Police Department Preserve-the-Peace Case Report, Case No. 2023-00437544, October 8, 2023 (D-1 and D-2)*

18. Exhibit D is a Madison Police Department Preserve-the-Peace incident report dated October 8, 2023, arising from police contact at 1430 Ellen Avenue, Madison, Wisconsin. Plaintiff called for police assistance because he could not gain access to the residence. Officers were dispatched to the location and made contact with Plaintiff, who was present outside the residence.

19. The narrative reflects that officers identified Plaintiff by Wisconsin driver's license as Lee J. Drone and that Plaintiff described a dispute involving the other owner of the residence, Ian Goodman. During the encounter, Plaintiff continued to seek access to the residence and stated that, at minimum, he wanted to enter the residence to retrieve his personal belongings himself.

20. Identifying information appearing in MPD records concerning the October 8 incident differs between productions. Exhibit D-2, printed October 18, 2023, identifies Plaintiff as "DRONE, LEE JOSEPH" with a Madison, Wisconsin address. Exhibit D-1, printed May 7, 2025, identifies Plaintiff as "DRONE, LEE TRAVIS" and associates him with an address in Felton, California, while retaining Officer Lavin's narrative statement that he identified Plaintiff by Wisconsin driver's license as "Lee J. Drone." Plaintiff presently does not know when, by whom, or for what reason the identifying information was changed.

21. Plaintiff alleges that officers did not permit him to enter the residence to retrieve his belongings himself. The report independently reflects that Officer Lavin advised Plaintiff that he would not "break into" the house to provide access to Plaintiff's "own home" and

instead arranged for Goodman, identified in the report as the other owner, to bring Plaintiff's requested belongings outside.

22. The arrangement described in the report resulted in certain personal items being brought outside to Plaintiff, but did not restore Plaintiff's access to the residence or permit Plaintiff to retrieve his belongings directly from inside the home. The incident concluded without arrest or citation, and Plaintiff departed without incident without having been permitted to enter or regain access to the residence. The report does not identify any contemporaneous threat, criminal conduct, exigent circumstance, or other safety condition attributable to Plaintiff as the basis for restricting his access to the property.

**EXHIBIT E**

*Madison Police Department Drug Incident / Investigation Case Report, Case No. 2023-00439778, October 9, 2023*

23. Exhibit E is a Madison Police Department report documenting the October 9, 2023 Drug Incident / Investigation at 1430 Ellen Avenue, occurring the day after the October 8 preserve-the-peace incident described above. The case summary lists Ian Goodman and Paula Goodman as contacts and identifies Plaintiff as a "Person Mentioned" under the name "DRONE, LEE TRAVIS," associated with an address in Felton, California.

24. The narrative reflects that officers were dispatched after Ian Goodman reported that a former guest had allegedly left narcotics inside the residence. Ian Goodman characterized Plaintiff as a financial contributor, non-resident, former guest, and person without residential privileges. Those representations were materially inconsistent with MPD's recognition on October 7, 2023, of Plaintiff as a co-owner of the residence. Plaintiff was not present during the October 9 incident and was not contacted before the search.

25. The report states that Ian Goodman led Officer Mozena to the basement guest bedroom where Ian Goodman said Plaintiff had previously stayed and verbally consented to a search of that bedroom. Officer Mozena entered the bedroom, proceeded to the closet, opened a

shoe box inside the closet, and then opened a sunglasses case located inside the shoe box, where he reported finding marijuana and a pipe.

26. The report reflects that items recovered during the search were taken into MPD custody. Plaintiff does not allege ownership of the marijuana or pipe recovered during the search.

27. The report does not reflect that officers reconciled Ian Goodman's characterization of Plaintiff as a non-resident former guest with MPD's recognition on October 7, 2023, of Plaintiff as a co-owner, nor does it reflect that officers verified Ian Goodman's authority to consent to the full scope of the search conducted. The report reflects no warrant, court order, or exigent circumstances authorizing the search. The incident concluded without arrest or citation.

---

## V. CAUSES OF ACTION

## <u>COUNT I – POLICE INTERFERENCE WITH PLAINTIFF'S POSSESSORY AND ACCESS RIGHTS UNDER 42 U.S.C. § 1983</u>

*Governmental interference with a co-owner's possession of and access to co-owned property without judicial authorization or process*

28. Plaintiff realleges and incorporates the foregoing allegations.

29. Plaintiff alleges that, on October 8, 2023, City officers, despite MPD's recognition on October 7, 2023, of Plaintiff as a co-owner of 1430 Ellen Avenue, affirmatively prevented or restricted Plaintiff from entering the residence and retrieving his own belongings, while arranging for the other co-owner to bring Plaintiff's requested belongings outside rather than permitting Plaintiff to enter and retrieve them himself.

30. Plaintiff alleges that this governmental interference with his possessory and access rights occurred without an eviction order, judgment of possession, restraining order, or other judicial process authorizing the City to exclude Plaintiff from property in which he retained an ownership and possessory interest.

31. Plaintiff alleges that the City's interference with his possession of and access to the property constituted an unreasonable governmental interference with his possessory interest in violation of the Fourth Amendment.

→ **Federal Rights Implicated:** Fourth Amendment protection against unreasonable governmental interference with possessory interests.

→ **Federal Authority:** *Soldal v. Cook County*, 506 U.S. 56 (1992).

**COUNT II – UNREASONABLE WARRANTLESS SEARCH UNDER 42 U.S.C. § 1983**

*Warrantless search of living space and closed containers associated with Plaintiff based upon third-party consent lacking actual or apparent authority*

32. Plaintiff realleges and incorporates the foregoing allegations.

33. Plaintiff alleges that City officers conducted a warrantless search of living space and closed containers located within living space associated with Plaintiff at 1430 Ellen Avenue, without Plaintiff's knowledge or consent and without a warrant or exigent circumstances.

34. Plaintiff alleges that the third-party consent relied upon by officers did not provide actual or reasonably apparent authority for the full scope of the search conducted, including the search of areas and closed containers located within living space associated with Plaintiff.

35. Plaintiff alleges that, under the circumstances known to the City and its officers as previously alleged, officers proceeded with the search without obtaining Plaintiff's consent, a warrant, or sufficient verification that the consenting party possessed authority to authorize the scope of the search conducted.

36. Plaintiff alleges that the resulting warrantless search constituted an unreasonable search in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution.

→ **Federal Right Implicated:** Fourth Amendment right to be free from unreasonable warrantless searches.

→ **Federal Authority:** *United States v. Matlock*, 415 U.S. 164 (1974); *Illinois v. Rodriguez*, 497 U.S. 177 (1990).

**COUNT III – MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 (MONELL)**

*Policies, customs, practices, and deliberately indifferent failure to train and supervise concerning residential access, disputed possessory and residential authority, and third-party consent*

37. Plaintiff realleges and incorporates the foregoing allegations.

38. Plaintiff alleges that the constitutional deprivations alleged above were caused by policies, customs, or practices of the City of Madison, and/or by the City's failure to adequately train and supervise MPD officers concerning disputed residential access and possessory rights, verification of residential and possessory authority, and the validity and scope of third-party consent to residential searches.

39. Plaintiff alleges that the City failed to provide adequate policies, training, supervision, and safeguards requiring officers to reasonably verify disputed possessory and residential authority before restricting a person's access to a residence or relying upon another person's asserted authority to consent to a warrantless search affecting that person's protected interests.

40. Plaintiff alleges that, to the extent the constitutional deprivations resulted from inadequate training or supervision, the need for adequate training and safeguards concerning these recurring police functions was sufficiently obvious that the City's failure to provide them constituted deliberate indifference to the constitutional rights of persons with whom MPD officers would come into contact.

41. The foregoing municipal policies, customs, practices, and/or deliberately indifferent training and supervisory deficiencies were a moving force behind the constitutional deprivations alleged in Counts I and II.

→ **Federal Rights Implicated:** Fourth Amendment rights underlying the constitutional violations alleged in Counts I and II.

→ **Federal Authority**: *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *City of Canton v. Harris*, 489 U.S. 378 (1989).

## VI. DAMAGES

42. As a direct and proximate result of the constitutional violations alleged herein, Plaintiff suffered actual injuries and damages, including the following:

a) **Loss of Use and Enjoyment of Property:** Plaintiff suffered loss of use, possession, and enjoyment of residential real property he lawfully co-owns as a result of the alleged interference with his access to the property.

b) **Emotional Distress and Dignitary Harm:** Plaintiff suffered emotional distress, humiliation, anxiety, and dignitary harm arising from the alleged interference with his access to co-owned property and the warrantless search alleged herein.

c) **Reputational Harm:** Plaintiff suffered reputational harm arising from his association with the October 9, 2023 MPD drug investigation and the subsequent use of that investigation in judicial proceedings involving Plaintiff.

d) **Compensatory Damages:** Plaintiff seeks compensatory damages for injuries and losses proximately caused by the constitutional violations alleged herein, in an amount to be determined at trial.

e) **Nominal Damages:** Plaintiff alternatively seeks nominal damages for constitutional violations for which compensatory damages are not established.

---

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and grant the following relief:

A. An award of compensatory damages in an amount to be determined at trial;

B. An award of nominal damages for constitutional violations for which compensatory damages are not established;

C. An award of costs of suit and litigation expenses pursuant to applicable law;

D. Pre-judgment and post-judgment interest as allowed by law;

E. Such other and further relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## IX. EXHIBIT INDEX

| Exhibit | Description |
|---|---|
| A | City of Madison Property Information and Parcel Record for 1430 Ellen Avenue |
| B | Co-Ownership Agreement for 1430 Ellen Avenue, Madison, Wisconsin, executed November 1, 2021 |
| C | Madison Police Department Incident Report, Incident No. 2023-00437277, October 7, 2023 |
| D | Madison Police Department Preserve-the-Peace Case Report, Case No. 2023-00437544, October 8, 2023 (D-1 and D-2) |
| E | Madison Police Department Drug Incident / Investigation Case Report, Case No. 2023-00439778, October 9, 2023 |

## X. VERIFICATION

I, Lee Drone, declare under penalty of perjury that I am the Plaintiff in the foregoing action; that I have read the foregoing Complaint; and that the factual allegations contained therein are true and correct to the best of my knowledge, information, and belief.

Dated: September 29, 2026

Respectfully submitted,

**Lee Drone**

3964 Rivermark Plaza,
Unit #2514
Santa Clara, CA 95054
Plaintiff, Pro Se